IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM McCOVEY, III,

        Plaintiff,

   v.

DEBORAH GUZMAN,

        Defendant.

_____/

No. C 01-02850 SBA (PR)

**ORDER**

This is a civil rights action arising from the alleged use of excessive force during an incident at Del Norte County Jail on September 3, 2000.  The Court granted summary judgment in favor of Defendant Guzman, and this case has been closed since February 11, 2005.

On January 25, 2013, almost eight years after the action was terminated, Plaintiff submitted a seven-page handwritten document labeled, "Complaint RE: Case # C 01-2850 SBA."  (Dkt. 25.) The Clerk of the Court did not docket it as "Filed," but instead, docketed the filing as a "Received Complaint" in the above-referenced case number because Plaintiff had indicated it was related to the instant matter.  However, upon closer examination, the Court finds that Plaintiff raises various claims dealing with medical and freedom of religion issues that are unrelated to the original excessive force claim in the instant case.  Therefore, the Clerk is directed to STRIKE the "Received Complaint" (Dkt. 25) from the record and send a copy the document to Plaintiff at his last known address.

If Petitioner wishes to pursue the claims from his "Received Complaint," he may do so by filing a new civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by the requisite $350.00 filing fee or an in forma pauperis ("IFP") application.  The new complaint must be submitted on the attached Court's form for prisoner Section 1983 cases.  Plaintiff must link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  on an individual defendant under section 1983 if the plaintiff can show that the defendant

2  proximately caused the deprivation of a federally protected right).  If Plaintiff intends to sue a

3  Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor,

4  "participated in or directed the violations, or knew of the violations and failed to act to prevent

5  them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  To prevent any further confusion,

6  Plaintiff should <u>not</u> list the case number for this action, Case No. C 01-02850 SBA (PR), on the new

7  complaint.

8      The Clerk is directed to send Plaintiff a blank civil rights complaint form and a blank

9  prisoner IFP application along with his copies of the "Received Complaint" and this Order.

10     IT IS SO ORDERED.

11  DATED: _____1/31/2014_____          _____

12                                          SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

United States District Court
For the Northern District of California